Scott T. Wilsdon (SBN 138987)
wilsdon@wilsdonlaw.com
**SCOTT WILSDON LAW**
P.O. Box 5515
Carmel, CA 93921
Telephone: 831.324.0627

*Attorneys for Defendants Getty Images, Inc. and Getty Images (US), Inc.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| AUTOMOBILIA II, LLC, a Florida limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>GETTY IMAGES, INC., a Delaware corporation; GETTY IMAGES (US), INC., a New York corporation; PIXELS.COM LLC, an Illinois limited liability corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:22-cv-2560 JLS(MAAx)<br><br>Assigned to: Hon. Josephine L. Staton<br><br>**GETTY DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:       October 21, 2022<br>Time:      10:30 a.m.<br>Courtroom: 8A |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on October 21, 2022, at 10:30 a.m., or as soon thereafter as the matter can be heard, Defendants Getty Images, Inc. and Getty Images (US), Inc. will and hereby do move the Court for an order staying these proceedings pending a ruling on a Petition to Compel Arbitration filed in the action

*Getty Images, Inc., et al. v. Car Culture, Inc., et al.*, Case No. 2:22-cv-0886 (United States District Court, Western District of Washington).  Defendants make this Motion to Stay on the grounds that Plaintiff Automobilia II, LLC is bound by a valid written agreement to arbitrate in Seattle, Washington the claims asserted in its First Amended Complaint in the case before this Court.  A stay of these proceedings pending a ruling on that Petition is warranted under Federal Arbitration Act, 9 U.S.C. § 3, and cases thereunder, as well as a matter of judicial comity.

   This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of Helen Gudgeon and the Request for Judicial Notice filed herewith, and attached exhibits, all the pleadings and other documents on file in this action, and such other evidence or oral argument as may be presented at the hearing on this motion.

   This motion is made following the conference of counsel pursuant to L.R. 7-3.

Dated:  June 24, 2022.             **SCOTT WILSDON LAW**

                                   */s/ Scott T. Wilsdon*
                                   Scott T. Wilsdon, SBN 138987

                                   ***Attorneys for Defendants Getty Images, Inc. and Getty Images (US), Inc.***

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Getty Images, Inc. and Getty Images (US), Inc. move this Court, pursuant to the Federal Arbitration Act, 9 U.S.C. § 3, and Fed. R. Civ. P. 12(b)(1) and (3), to stay these proceedings pending a ruling on their Petition to Compel Arbitration filed in the action *Getty Images, Inc., et al. v. Car Culture, Inc., et al.*, Case No. 2:22-cv-0886 (United States District Court, Western District of Washington). Automobilia II, LLC, the Plaintiff in the case before this Court, is named as a Respondent in the Petition.

The Petition seeks to compel Automobilia II and a related party to arbitrate the claims alleged in the First Amended Complaint filed in this Court. (See First Amended Complaint ("FAC") Doc. 11.) The Getty Defendants filed their Petition in the Western District of Washington because the parties' contract stipulates that "[a]ny dispute, controversy or claim" must be resolved by "binding arbitration to be held in Seattle, Washington," and the Western District of Washington is the proper judicial forum to order the parties to arbitration. 9 U.S.C. § 4; *Continental Grain Co. v. Dant & Russell*, 118 F.2d 967, 969 (1941); *Allied Prof. Ins. Co. v. Harmon*, 2017 U.S. Dist. LEXIS 216872, at *16 (C.D. Cal. July 28, 2017) (holding court can compel arbitration "to occur only in its district").

Getty Images, Inc. and Getty Images (US), Inc. now move this Court, pursuant to 9 U.S.C. § 3 and the Court's inherent authority, to stay these proceedings pending a ruling on the Petition to Compel Arbitration filed in the Western District of Washington. Granting a stay is consistent with the purpose of the Federal Arbitration Act, the avoidance of unnecessary legal practice and judicial time, and as a matter of judicial comity.

GETTY DEFS' MOTION TO STAY
Case No. 2:22-cv-2560 JLS(MAAx)
– Page 3



### I.   STATEMENT OF FACT

Automobilia II asserts two claims against Getty Images (US), Inc. and its parent company, Getty Images, Inc., and their distribution partner, Pixels.com, LLC, for alleged infringements of the copyrights in photographs claimed to be owned by Automobilia II. (FAC ¶¶ 17, 21 & 22.) Nowhere in the FAC is there any mention of the 13-year contractual relationship between Getty Images (US), Inc. and photographer Lucinda Lewis, who took the photographs at issue and who owns Automobilia II. Plaintiff offers only a hint of that relationship in a fleeting reference to "Automobilia II's licensee once had a relationship with Getty US." (FAC ¶¶ 27, 39.)

The "relationship" referenced in the FAC was governed by and subject to the terms of a written agreement entitled the Image Partner Rights Managed Distribution Agreement ("Image Partner Agreement"), which Ms. Lewis signed in 2006. By that agreement, Ms. Lewis agreed to mandatory arbitration of any claims "arising out of or related to [the] Agreement, or the breach . . . [thereof]." (Declaration of Helen Gudgeon ("Gudgeon Decl."), Ex. A (Image Partner Agreement § 14.2).) The Agreement further requires that the arbitration be held in Seattle, Washington. (*Id*.)

On June 23, 2022, Getty Images, Inc. and Getty Images (US), Inc. filed a Petition to Compel Arbitration in the action *Getty Images, Inc., et al. v. Car Culture, Inc., et al.*, Case No. 2:22-cv-0886 (United States District Court, Western District of Washington). A copy of that Petition is attached as Exhibit 1 to the Request for Judicial Notice, filed herewith. The Petition names Automobilia II, LLC and a related party[1] as Respondents and seeks an order compelling them to arbitrate the copyright claims alleged in the case before this Court. (*Id*.)

---

[1] That related party is Car Culture, Inc., which is owned by Ms. Lewis and which is the "licensee" referenced in the First Amended Complaint. (FAC ¶¶ 27, 39.)

GETTY DEFS' MOTION TO STAY
Case No. 2:22-cv-2560 JLS(MAAx)
– Page 4



## II. LEGAL ARGUMENT

The Federal Arbitration Act reflects both a "liberal federal policy favoring arbitration" and the "fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339, 131 S. Ct. 1740, 179 L. Ed. 2d 742 (2011) (citations omitted). The FAA requires courts to "rigorously enforce" agreements to arbitrate, *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 626, 105 S. Ct. 3346, 87 L. Ed. 2d 444 (1985), to ensure that private agreements to arbitrate "are enforced according to their terms." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 682, 130 S. Ct. 1758, 176 L. Ed. 2d 605 (2010).

### A. A Stay Should Be Granted Consistent with the FAA.

This case should be stayed because allowing it to proceed in this judicial forum would undermine the clear federal policy favoring arbitration. *Concepcion*, 563 U.S. at 339. Notably, the FAA includes an express grant of authority to stay further court proceedings when the parties have been ordered to arbitration. 9 U.S.C. § 3. Moreover, district courts routinely grant stays when only some parties or only some claims are ordered to arbitration. *See, e.g., Amisil Holdings Ltd. v. Clarium Capital Mgmt. LLC*, 622 F. Supp. 2d 825, 842 (N.D. Cal. 2007) (holding stay appropriate if allowing suit to proceed "would undermine the arbitration proceedings and thwart the federal policy in favor of arbitration") (quoting *Hill v. GE Power Sys., Inc.*, 282 F.3d 343, 347 (5th Cir. 2002)); *see also Chartwell Staffing Servs. v. Atl. Solutions Grp., Inc.*, 2020 U.S. Dist. LEXIS 24640, at *32-*33 (C.D. Cal. Jan. 9, 2020) (granting stay as to non-arbitrable claims).

Squarely on point with the procedural posture of this case is the district court's ruling in *Alpert v. Alphagraphics Franchising, Inc.*, 731 F. Supp. 685 (D.N.J. 1990). As in this case, the plaintiff in *Alpert* filed its claims in a federal court in contravention of its agreement to arbitrate. Moreover, those claims were filed in a

GETTY DEFS' MOTION TO STAY
Case No. 2:22-cv-2560 JLS(MAAx)
– Page 5



judicial district (District of New Jersey) that did not encompass the situs of the arbitration (Tuscan, Arizona) stipulated in the parties' agreement.  After concluding that Section 4 of the FAA precluded the court from compelling arbitration outside of the district in which it sits, the court stayed the proceedings to "allow defendant to proceed with arbitration in accordance with the agreement, *and if necessary petition the court in Arizona*" for an order compelling arbitration.  *Alpert*, 731 F. Supp. at 689 (emphasis supplied).

In this case, the requested stay seeks not to preserve the Getty Defendants' *potential* right to pursue relief from the appropriate judicial forum.  That has already happened with the filing of the Petition to Compel Arbitration in *Getty Images, Inc., et al. v. Car Culture, Inc., et al.*, Case No. 2:22-cv-0886 (United States District Court, Western District of Washington).  By this Motion, the Getty Defendants seek only to allow that Petition to be heard.  *See Agrihouse, Inc. v. Agrihouse, LLC*, 2009 U.S. Dist. LEXIS 36849 (D. Col. Apr. 16, 2009) (granting stay of first filed case pending ruling in later filed case on motion to compel arbitration); *Guo v. Kyani, Inc.*, 2018 U.S. Dist. LEXIS 227744, at *17-*19 (C.D. Cal. July 10, 2018) (granting stay of first filed case pending defendants' filing of case in proper forum and seeking order compelling arbitration).

Ultimately, allowing this case to proceed would improperly reward plaintiff for forum shopping.  This concern was expressly noted by the Seventh Circuit in *Snyder v. Smith*, 736 F.2d 409 (7th Cir.), *cert. denied* 469 U.S. 1037 (1984).  "If [plaintiffs] were to prevail here, any party to an arbitration agreement could avoid the effect of the agreed to forum *merely by filing suit in a different district.*  This in turn could lead to the parties racing to different courthouses to obtain what each thinks is the most convenient forum for it, in disregard of its contractual obligations." *Id.*, 736 F.2d at 419-20 (emphasis supplied); *see also QAI, Inc. v. Sprint Comms. Co.*, 120 F. Supp. 2d 1218, 1224-25 (C.D. Cal. 2000) (holding district court may properly

GETTY DEFS' MOTION TO STAY
Case No. 2:22-cv-2560 JLS(MAAx)
– Page 6



consider forum shopping in weighing whether to grant injunctive relief pending arbitration).

**B.  A Stay Should Be Granted Pursuant to the Court's Inherent Authority.**

This Court should stay further proceedings in this case pursuant to its inherent authority to manage its docket.  A district court has inherent power to stay litigation "to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for the litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936); *Patel v. Garrison Inv. Group*, 2017 U.S. Dist. LEXIS 236299, at *6 (C.D. Cal. Jan. 19, 2017).  Accordingly, "[a] trial court may . . . enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Id.*, at *6-*7 (quoting *Leyva v. Certified Grocers of Calif., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979)).

The question of whether Automobilia II's claims belong in federal court is pending before the court in the Western District of Washington.  As noted, that is the proper judicial forum for resolving that question.  A stay of the case before this Court would spare the parties the time and expense of duplicative judicial proceedings and, significantly, would further the interests of judicial economy and efficiency in this Court and the district court in the Western District of Washington. *Patel*, 2017 U.S. Dist. LEXIS 236299, at *6.

**C.  A Stay or Dismissal Should Be Granted as a Matter of Judicial Comity.**

"[P]rinciples of comity allow a district court to decline jurisdiction over an action where a complaint involving the same parties and issues has already been filed in another district." *Barapind v. Reno*, 225 F.3d 1100, 1109 (9th Cir. 2000); *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982).  While that analysis is typically framed in the context of whether a later filed case should be allowed to proceed, "the 'first-to-file' rule is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound

judicial administration." *Pacesetter*, 678 F.2d at 95; *see also Agrihouse*, 2009 U.S. Dist. LEXIS 36849 (rejecting "first-to-file" rule, granting stay pending ruling in later filed case on motion to compel arbitration).

The doctrine of comity seeks to promote judicial efficiency by avoiding any unnecessary burden on the federal judiciary and by avoiding duplicative and conflicting judgments. *See Church of Scientology v. United States Dept. of Army*, 611 F.2d 738, 750 (9th Cir. 1979). These principles rest on considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183, 72 S. Ct. 219, 96 L. Ed. 200 (1952).

In consideration of these principles, it has long been recognized that "a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (citing *Colorado River Water Conservation Dist. V. United States*, 424 U.S. 800, 817, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976) ("As between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation.")).

A stay or dismissal of the case before this Court would further the interests of comity, consistency and judicial economy. Whether plaintiff is bound by the arbitration agreement, and whether that agreement encompasses its claims in the First Amended Complaint are questions that have been joined in the Petition filed in the Western District of Washington. That is the proper forum for resolving those questions given the limitations on this Court to order the parties to arbitration. *See* 9 U.S.C. § 4; *Continental Grain*, 118 F.2d at 969; *Allied Prof. Ins.*, 2017 U.S. Dist. LEXIS 216872, at *16.

## III.  CONCLUSION

For the reasons stated, this Court should grant the motion and stay all further proceedings pending a ruling in *Getty Images, Inc., et al. v. Car Culture, Inc., et al.*, Case No. 2:22-cv-0886 (United States District Court, Western District of Washington).

Dated:  June 24, 2022.   **SCOTT WILSDON LAW**

*/s/ Scott T. Wilsdon*
Scott T. Wilsdon, SBN 138987

***Attorneys for Defendants Getty Images, Inc. and Getty Images (US), Inc.***

