Jay Woollacott (Cal. Bar. #83032)
Woollacott PLC
10850 Wilshire Blvd., Suite 825
Los Angeles, California 90024
T: (310) 481-2222 / F: (310) 481-9801
E: jw@woollacottPLC.com

Attorneys for Pixels.Com, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Automobilia II, LLC,<br><br>          Plaintiff,<br><br>     vs.<br><br>Getty Images, Inc.;<br><br>Getty Images (US), Inc.<br><br>Pixels.Com, LLC; and<br><br>Does 1-10,<br><br>          Defendants. | Case No. 2:22-cv-2560-JLS (MAAx)<br><br>DEFENDANT PIXELS.COM, LLC, MOTION AND JOINDER IN MOTION OF GETTY IMAGES, INC., AND GETTY IMAGES (US), INC., TO STAY PENDING RULING ON PETITION TO COMPEL ARBITRATION; AND MEMORANDUM OF POINTS AND AUTHORITIES<br><br>HEARING:<br>     October 21, 2022<br>     10:30 a.m.<br>     Courtroom 8A |

## MOTION AND JOINDER

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on October 21, 2022, at 10:30 a.m., or as soon thereafter as the matter can be heard, defendant Pixels.com, PLLC ("Pixels") will and hereby does move the relief stated in, and joins in, the motion for an order staying these proceedings pending a ruling on a Petition to Compel Arbitration filed in the action Getty Images, Inc., et al. v. Car Culture, Inc., et al., Case No. 2:22-cv-0886 (W.D. Wash.).

Pixels moves for the same relief and joins in the Motion to stay on the same grounds as stated by Getty Images, Inc., and Getty Images (US), Inc. (collectively, "Getty Entities"), in DE 18. Plaintiff and the Getty Entities are bound by a valid and enforceable agreement for the parties to arbitrate the dispute described in Plaintiff's First Amended Complaint (DE 11) in Seattle, Washington. The Agreement identifies "delegates and distributors" that it may use to sell prints of images (DE 18-1 at Page ID #:428), and Plaintiff identifies Pixels as a partner in the Amended Complaint (DE 11 at ¶ 16).

Joinder also furthers the interests of judicial economy. Pixels and the Getty Entities stand in the same position with respect to the subject matter of the motion and the relief it requests.

Pixels' motion and joinder are based on this Notice, the attached memorandum of points and authorities, the Getty Entities' Memorandum of Points and Authorities and exhibits as well as any evidence or oral argument that may be presented at the October 21 hearing on the motion.

//
//
//

1 | Pixels incorporates the Getty Entities' conference of counsel representa-
2 | tion. (DE 18 at Page ID #:410.)
3 |
4 | July 1, 2022
5 |          */s/ Jay Woollacott*
6 |          _____
7 |          Jay Woollacott
         California SBN 83032
8 |          Woollacott PLC
         10850 Wilshire Boulevard, Suite 825
9 |          Los Angeles, California 90024
10 |          (310) 481-2222
         Attorneys for Pixels.com, LLC

MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Pixels joins in the points and authorities contained in the Getty Entities' Memorandum of Points and Authorities in support of their Motion to Stay. (See DE 18 at Page ID ##: 411-17.) Specifically, the Getty Entities and Plaintiff entered into a binding arbitration agreement ("Image Partner Agreement" at DE 18-1 at Page ID ##: 421-29), and the Getty Entities have taken the appropriate step to file a Petition in the Western District of Washington to compel the arbitration of this dispute, consistent with that agreement (See DE 19).

Further, Pixels is a contemplated party to the Image Partner Agreement. Section 14.4 of the agreement authorizes Getty Images (US) to

> assign its rights under this Agreement to a . . . member of its delegate network to the extent necessary to carry out and fulfill Getty Images' rights under this Agreement. Subject to the foregoing, this Agreement will be fully binding upon, inure to the benefit of, and be enforceable by the parties and their respective successors and assigns. (DE 15 at Page ID #: 428.)

According to the allegations by Plaintiff in the First Amended Complaint, "Pixels partnered with Getty US to operate and, in part, control the website Photos.com" (DE 11 at ¶ 16), which Plaintiff admits the Getty Entities used to carry out its fulfillment of the Image Partner Agreement. Pixels was therefore an "expressly contemplated" party to the Image Partner Agreement. Indeed, in the Getty Entities' Petition to the Western District of Washington, they affirmatively identify Pixels as their "distribution partner." (DE 19 at Page ID #:442.)

Parties expressly contemplated by an agreement are entitled to enforce it. See, e.g., *Mendoza v. Ad Astra Recovery Servs.*, 2014 U.S. Dist. LEXIS 1716, at *16 (C.D. Cal. Aug. 17, 2021) (holding non-signatory collection agency was an agent whose role was expressly contemplated under loan agreement signed by

plaintiff); *SB Liquidation Trust v. AU Optronics Corp.*, 2011 U.S. Dist. LEXIS 106268, at *26 (N.D. Cal. Sept. 19, 2011) (holding non-signatory subcontractor could enforce arbitration clause where supply agreement expressly contemplated performance by subcontractor.). Moreover, as noted in the Getty Entities' Petition to that court, "the Ninth Circuit has long recognized that a non-signatory 'may be bound by an arbitration clause based on 'ordinary contract and agency principles.'" (DE 19 at Page ID #: 452, quoting *Letizia v. Prudential Bache Secs.*, 802 F.2d 1185, 1187 (9th Cir. 1986).)

In sum, Pixels agrees with the Getty Entities' Petition filed with the Western District of Washington and the need of this Court to stay this action pending that court's ruling on the Petition. Further, Pixels has standing to join in the Getty Entities' Petition and Motion to Stay this action in light of its status as a distribution partner to the Getty Entities. Stay of this action is warranted pending the Western District of Washington's ruling on the Petition.

Respectfully submitted,

July 1, 2022

*/s/ Jay Woollacott*

_____
Jay Woollacott
California SBN 83032
Woollacott PLC
10850 Wilshire Boulevard, Suite 825
Los Angeles, California 90024
(310) 481-2222
Attorneys for Pixels.com, LLC